UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBERT CLAY McFADDEN,  113117-055,                              01-CR-167E
                                                                06-CV-0042E
       Petitioner,

     -vs-

                                         ORDER

UNITED STATES OF AMERICA,

       Respondent.

---

In a previous Order (Dkt. #73[1]), this Court directed that the parties file offers of proof regarding the limited question of whether petitioner's criminal counsel at the time was instructed or requested to file an appeal of petitioner's sentence, and if so, the circumstances and timing of when the request or instruction was made.   The aforementioned Order also stated that, if it is determined that petitioner instructed or requested that his attorney appeal his sentence he was bound to file the appeal, even if counsel believed the requested appeal would be frivolous because of a valid waiver of a right to appeal contained in the plea agreement[2].  If counsel failed to do so, pursuant to *Campusano* v. *United States,* 442 F.3d 770, 771 - 72 (2d Cir. 2006), he was constitutionally

---

[1] Located in the Docket at case No. 01-CR-167E.

[2] In that instance, the attorney is bound to at least  file the notice of appeal and submit a brief pursuant to *Anders* v. *California* [386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)].

ineffective and prejudice would be presumed without requiring a showing of the

relative merit of the appeal and the petitioner will be entitled to a direct appeal.

On June 11, 2007, the government filed its offer of proof wherein it conceded

"that the defendant did in fact ask his attorney, Mr. Brown, to file a notice of

appeal and that Mr. Brown failed to do so.  In light of *Campusano* v. *United States*

\*\*\* the government concedes that the defendant should be allowed a direct

appeal."(Dkt. #74, p. 4).  As a result of the government's concession in this

regard, the Court need not conduct a hearing on this issue and petitioner's motion

shall be granted to the extent that he shall be allowed a direct appeal of his

sentence.

The Court also previously indicated that counsel would be appointed for

petitioner in the event that he filed the appropriate paperwork establishing his

financial inability to retain counsel and his eligibility for appointment of counsel

under 18 U.S.C. § 3006A(g)[3], however, no such request or paperwork has been

filed to date.  Therefore, counsel will not be appointed at this time.

---

[3]As stated in the previous Order, at footnote 3, 18 U.S.C. § 3006A(g) provides for the appointment of an attorney from the Federal Public Defender's Office for persons financially unable to obtain adequate representation pursuant to the Criminal Justice Act.  Mr. Brown was retained counsel.  Petitioner never filed an *in forma pauperis* application in this action or an application for CJA appointment in the underlying criminal proceeding and the Court, therefore, has no information from which to find that he qualifies appointment of counsel.  Petitioner was instructed that, should he wish to seek appointment of counsel, he was directed to promptly file the appropriate paperwork with the Court and was provided a CJA23 form at that time.

For the foregoing reasons and for the reasons stated in this Court's Order entered on May 21, 2007 (Dkt. #73), petitioner's motion (Dkt. #67) is hereby **GRANTED** and he shall be allowed a direct appeal of his criminal sentence in this case.  The Clerk of the Court is hereby directed to take such steps so as to allow for such appeal to be filed.

DATED:      Buffalo, N.Y.

            July 6, 2007

                                        /s/ John T. Elfvin
                                        JOHN T. ELFVIN
                                        S.U.S.D.J.